

FILED IN OPEN COURT
U.S.D.C. - Atlanta

APR 11 2023

KEVIN P. WEIMER, Clerk
By: *Tcc* Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

CHRISTOPHER BURNS

Criminal Indictment

No. **1 : 23 - C R 1 1 2**

THE GRAND JURY CHARGES THAT:

## COUNTS ONE THROUGH TEN
*Wire Fraud (18 U.S.C. § 1343)*

1.  Beginning on a date unknown, but by at least in or about February 2017 and continuing to in or about September 2020, in the Northern District of Georgia and elsewhere, the defendant, CHRISTOPHER BURNS, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

## Background

At times relevant to this Indictment:

2.  Defendant BURNS was a registered investment adviser at Investus Advisers, LLC.

3. Investus Advisers, LLC, a registered investment advisory firm, and Investus Financial, LLC, d.b.a. Dynamic Money (collectively "Investus"), was a Georgia company located in the Northern District of Georgia.  Defendant BURNS is the sole organizer and registered agent.

4. Peer Connect, LLC ("Peer Connect") was a Georgia company located in the Northern District of Georgia.  Defendant BURNS is the sole organizer and registered agent.

5. Defendant BURNS conducted business through a number of entities, including Investus and Peer Connect.  Both defendant BURNS and these business entities conducted business operations in the Northern District of Georgia.

6. Vinings Bank is a financial institution headquartered in Smyrna, Georgia.

7. SunTrust Bank (n.k.a. Truist) is a financial institution headquartered in Charlotte, North Carolina, but was formerly headquartered in Atlanta, Georgia.

8. Citibank New York is a financial institution headquartered in New York, New York.

9. JP Morgan Chase is a financial institution headquartered in New York, New York.

10. Charles Schwab is a financial institution headquartered Westlake, Texas.

11. Wells Fargo is a financial institution headquartered in San Francisco, California.

12. Fidelity Global Brokerage is a financial institution headquartered in Boston, Massachusetts.

2

13. Fedwire Funds Service ("Fedwire") is a service that sends and transfers funds electronically via interstate wire.

### Scheme to Defraud

14. As part of a scheme to defraud, defendant BURNS recruited investors for investments through Investus and Peer Connect. Defendant BURNS's scheme to defraud often operated as follows:

15. Defendant BURNS offered his friends, family, and clients an opportunity to invest in a "peer to peer" lending program that offered attractive returns in short periods of time via promissory notes.

16. Investors were told that their money would be loaned to businesses that needed financing with little to no risk. In some cases, defendant BURNS falsely described the investments as having the protection of collateral and personal guarantees. In other cases, defendant BURNS falsely claimed that he would pool investors' money to lend it to startup businesses and charities.

17. Investors received promissory notes that documented the loan amount, rate of return, dates interest was to be paid, and the maturity date. Many promissory notes also identified specific collateral that secured the loan to reduce the level of risk associated with the investment and to induce investors to participate in the lending program.

18. In reality, investors' money was not invested as promised, but rather was used to repay prior investors, to fund defendant BURNS's business, Investus, and to fund his lavish lifestyle.

3

19. The collateral promised by defendant BURNS either did not exist at all or was worth substantially less than he represented.

20. Defendant BURNS falsely represented and caused others to falsely represent the revenues and returns of these investments to investors.

21. Defendant BURNS knew that the investments were not profitable and that investment returns paid to investors were from their own money and money paid by subsequent investors.

22. Interim payments to investors based on falsely reported returns and profits lulled the investors into a false sense of security and delayed their complaints.

23. In all, dozens of investors invested at least $10 million in defendant BURNS's peer to peer lending program.

### Execution of Scheme and Artifice to Defraud

24. The following are among the instances in which defendant BURNS executed and intended to execute this scheme to defraud.  On or about the dates set forth below, in the Northern District of Georgia and elsewhere, defendant BURNS knowingly devised and participated in the aforesaid scheme and artifice to defraud, for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material fact, knowing and having reason to know that the pretenses, representations, promises, and omissions were and would be material, and did cause the following wire communications to be transmitted in interstate commerce:

4

| Count | Date (on or about) | From | To | Description |
|-------|--------------------|------|-----|-------------|
| 1 | June 18, 2018 | Fidelity Global Brokerage Group | SunTrust Bank account x6118 | $200,000 Fedwire for G.D. |
| 2 | Aug. 17, 2018 | Fidelity Global Brokerage Group | SunTrust Bank account x6118 | $100,000 Fedwire for G.D. |
| 3 | Nov. 27, 2019 | BB&T | SunTrust Bank account x9268 | $100,000 Fedwire for G.D. |
| 4 | Feb. 15, 2019 | Charles Schwab | SunTrust account x6118 | $355,000 Fedwire for A.C. |
| 5 | Sept. 10, 2019 | Charles Schwab | SunTrust account x6118 | $100,000 Fedwire for A.C. |
| 6 | Dec. 26, 2019 | Wells Fargo | SunTrust Bank account x9268 | $400,000 Fedwire for G.W. |
| 7 | Jan. 24, 2020 | Wells Fargo | SunTrust Bank account x9268 | $140,000 Fedwire for G.W. |
| 8 | Feb. 14, 2020 | SunTrust Bank | SunTrust Bank account x6118 | $345,000 Fedwire for L.V.C. |
| 9 | Aug. 14, 2020 | Citibank New York | Vinings Bank account #1111 | $150,000 Fedwire for R.S. |
| 10 | Aug. 24, 2020 | JPMorgan Chase | Vinings Bank account #1111 | $120,000 Fedwire for C.H. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS ELEVEN AND TWELVE
*Mail Fraud (18 U.S.C. § 1341)*

25. The factual allegations in paragraphs 1 through 23 are incorporated here.

26. The following are among the instances in which the defendant, CHRISTOPHER BURNS, executed and intended to execute this scheme to defraud.  On or about the dates set forth below, in the Northern District of Georgia and elsewhere, defendant BURNS knowingly devised and participated in the aforesaid scheme and artifice to defraud, for the purpose of obtaining

5

money and property by means of materially false and fraudulent pretenses, representations, and promises, as well as by omissions of material fact, knowing and having reason to know that the pretenses, representations, promises, and omissions were and would be material, and did use a private and commercial carrier by depositing and causing to be deposited with the carrier the items listed below:

| Count | Date (on or about) | From | To | Description |
|-------|--------------------|------|-----|-------------|
| 11 | Sept. 1, 2020 | Capital One | Investus Financial LLC 472 Lakeshore Dr. Berkeley Lake, GA 30096 | $250,000 cashier's check sent via FedEx Tracking # 145714370454 for C.C. and B.C. |
| 12 | Sept. 1, 2020 | Capital One | Investus Financial LLC 472 Lakeshore Dr. Berkeley Lake, GA 30096 | $115,000 cashier's check sent via FedEx Tracking # 145714370465 for C.C. and B.C. |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS THIRTEEN THROUGH SIXTEEN
*Money Laundering (18 U.S.C. § 1957)*

27. The factual allegations in paragraphs 1 through 23 are incorporated here.

28. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendant, CHRISTOPHER BURNS, knowingly engaged and attempted to engage in monetary transactions affecting interstate commerce, by and through a financial institution, as set forth below, each such transaction involving criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud and mail fraud:

6

| Count | Date (on or about) | Description |
|---|---|---|
| 13 | June 20, 2018 | $337,461.08 wire transfer from Investus Financial's SunTrust account x6118 to the Law Office of Kirsten Miller PC |
| 14 | Nov. 27, 2019 | $100,000 electronic transfer from Peer Connect's SunTrust account x9268 to Investus Financial's SunTrust account x6118 |
| 15 | Dec. 26, 2019 | $400,000 electronic transfer from Peer Connect's SunTrust account x9268 to Investus Financial's SunTrust account x6118 |
| 16 | Jan. 24, 2020 | $139,985 electronic transfer from Peer Connect's SunTrust account x9268 to Investus Financial's SunTrust account x6118 |

All in violation of Title 18, United States Code, Section 1957.

## Forfeiture

29. Upon conviction of one or more of the offenses alleged in Counts One through Twelve of this Indictment, the defendant, CHRISTOPHER BURNS, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, including, but not limited to, the following:

(a)     MONEY JUDGMENT:    A sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Twelve of this Indictment.

30. Upon conviction of one or more of the offenses alleged in Counts Thirteen through Sixteen of this Indictment, the defendant, CHRISTOPHER BURNS, shall forfeit to the United States all property, real or personal, involved in such offenses, or any property traceable to such property, including, but not limited to, the following:

(a)     MONEY JUDGMENT: A sum of money in United States currency representing the amount of property obtained as a result of the offenses alleged in Counts Thirteen through Sixteen of the Indictment.

31. If, as a result of any act or omission of the defendant, any of the above-described property:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred to, sold to, or deposited with, a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property, which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A _____*True*_____ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

ALISON B. PROUT
*Assistant United States Attorney*
Georgia Bar No. 141666

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000

9